**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**KEITH RYDELL MAYES, SR.,**

**Defendant.**

**Case No.** 26-CR-324-SEH

**Plea Agreement**

The United States of America, by and through Christopher J. Nassar, United States Attorney for the Northern District of Oklahoma, and David D. Whipple, Assistant United States Attorney, and the defendant, KEITH RYDELL MAYES, SR., in person and through counsel, Todd Tucker, respectfully inform the Court that they have reached the following plea agreement, pursuant to Fed. R. Crim. P. 11(c)(1)(B).

1. **Plea**

The defendant agrees to enter a voluntary plea of guilty to the following:

**COUNT ONE: 18 U.S.C. § 1344(2) – Bank Fraud**

**COUNT TWO: 26 U.S.C. § 7201 – Tax Evasion**

as set forth in the Information in the instant case, Northern District of Oklahoma, and admits to being in fact guilty as charged in the Information to which the defendant is pleading guilty.

Defendant's Initials

**2. Waiver of Constitutional Rights**

The defendant understands that, by pleading guilty, the following constitutional rights will be relinquished:

a. the right to be indicted if proceeding by Information;

b. the right to plead not guilty;

c. the right to be tried by a jury, or, with the consent of the government, to be tried by a judge;

d. the right to an attorney at trial, including a court-appointed attorney if the defendant could not afford an attorney;

e. the right to assist in the selection of the jury;

f. the right to be presumed innocent, and to have the jury instructed that the government bears the burden to prove the defendant guilty beyond a reasonable doubt and by a unanimous verdict;

g. the right to confront and cross-examine witnesses against the defendant;

h. the right to testify on their own behalf and present witnesses in their defense;

i. the right not to testify, and to have the jury instructed that the decision not to testify could not be used against the defendant;

j. the right to appeal a guilty verdict to determine if any errors had been committed during trial that would require either a new trial or a dismissal of the charges;

k. the right to have a jury determine beyond a reasonable doubt any facts that could increase any mandatory minimum or maximum sentence; and

l. any rights and defenses under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.



Defendant's Initials

By pleading guilty, the defendant will be giving up all of these rights. By pleading guilty, the defendant understands that they may have to answer questions posed by the Court, both about the rights that the defendant will be giving up and the factual basis for the defendant's plea.

**3. Appellate and Post-Conviction Waiver**

In consideration of the promises and concessions made by the government in this plea agreement, the defendant knowingly and voluntarily agrees to the following terms:

a. The defendant waives rights under 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a) to directly appeal the conviction and sentence, including any fine, assessment, forfeiture, restitution order, term or condition of supervised release, or sentence imposed upon a revocation of supervised release; except that the defendant reserves the right to appeal from a sentence that exceeds the statutory maximum;

b. The defendant expressly acknowledges and agrees that the government reserves all rights to appeal the sentence;

c. The defendant waives the right to appeal from the district court's denial of any post-conviction motion to reduce the term of supervised release or probation under 18 U.S.C. §§ 3583(e)(1) or 3564(c); and

d. The defendant waives the right to collaterally attack the conviction and sentence under 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except for claims of ineffective assistance of counsel.



Defendant's Initials

The defendant expressly acknowledges that counsel has explained his appellate and post-conviction rights; that the defendant understands his rights; and that the defendant knowingly and voluntarily waives those rights as set forth above.

KEITH RYDELL MAYES, SR.

4. **Departure and Variance Waiver**

a. the **defendant shall not** request, recommend, or file a motion seeking a **departure downward** from the Guidelines range; and

b. the **defendant may** request, recommend, or file a motion seeking a **variance downward** from the Guidelines range pursuant to the § 3553(a) factors.

5. **Freedom of Information Act Waiver**

The defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

6. **Rule 11 Rights Waiver**

The defendant knowingly and expressly waives all the rights afforded under Rule 11(f) of the Federal Rules of Criminal Procedure. Therefore, in any subsequent proceeding, including a criminal trial, the following shall be admissible against the defendant under Rule 801(d)(2)(A) of the Federal Rules of Evidence:



Defendant's Initials

a. A guilty plea which is later withdrawn or that the defendant seeks to withdraw;

b. The facts that the defendant has admitted under this plea agreement, as well as any facts to which the defendant admits in open court at the plea hearing, and any statement made in any proceeding under Rule 11 regarding this plea agreement; and

c. Any statement made during plea discussions with an attorney or agent for the government, or that were made pursuant to a proffer letter agreement, that resulted in a plea of guilty that is later withdrawn.

## 7. **Payment of Monetary Penalties**

a. *Enforcement*

1) The defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613.

2) The defendant understands and agrees that under 18 U.S.C. § 3613 any monetary penalties or restitution imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule is a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

3) The defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court.

4) The defendant agrees that any unpaid obligations will be submitted to the United States Treasury for offset, so that any federal payment or transfer of returned property the defendant receives may be applied to federal debts and will not be limited by a payment schedule.

5) The defendant agrees that any restitution debt may not be discharged in any bankruptcy proceeding.



Defendant's Initials

b. *Disclosure of Financial Information*

1) The defendant agrees to provide complete information regarding all victims potentially entitled to restitution.

2) The defendant agrees to provide truthful and complete financial information, as requested by the United States Probation Office for the preparation of the presentence report.

3) The defendant agrees to complete, under penalty of perjury, the required financial statement form not later than two weeks after the defendant enters a guilty plea. The defendant agrees to update any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

4) The defendant agrees to submit, before and after sentencing, to depositions and interviews regarding the defendant's financial status, as deemed necessary by the United States Attorney's Office.

5) The defendant authorizes the United States Attorney's Office to obtain the defendant's credit report. The defendant also agrees to provide waivers, consents, or releases, valid for 120 days after sentencing, to allow the U.S. Attorney's Office to access records to verify financial information.

6) The defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

7) The defendant's failure to timely and accurately complete and sign the financial statement, and any necessary updates, may, in addition to any other penalty or remedy, constitute a failure to accept responsibility under U.S.S.G § 3E1.1.



Defendant's Initials

c. *Mandatory Restitution*

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, the Court must order that the defendant pay restitution to the following victim of the offense of conviction, here, Count One of the Information:

| | |
|---|---|
| Vernon AME Church<br>Tulsa, OK | $449,899.48 |

The defendant agrees to pay restitution for the full amount of the victim's loss, as ordered by the Court.

The defendant further agrees to pay restitution as follows, regardless of whether the losses suffered by this victim resulted from the offense of conviction, and understands that this restitution is mandatory pursuant to 18 U.S.C. § 3663A(c)(2), because charged and uncharged offenses gave rise to this plea deal:

| | |
|---|---|
| Vernon AME Church<br>Tulsa, OK | $53,579.90 |
| High Hills AME Church<br>Dalzell, SC | $834.50 |

d. *Discretionary Restitution*

The defendant agrees to pay restitution as follows, regardless of whether the losses suffered by this victim resulted from the offense of conviction, and consents to the Court entering a corresponding restitution order pursuant to 18 U.S.C. § 3663(a)(1)(A) or 18 U.S.C. § 3663(a)(3):

| | |
|---|---|
| IRS<br>IRS-RACS | $5,966<br>(Tax year 2021) |



Defendant's Initials

| | |
|---|---|
| Attn: Mail Stop 6261, Restitution<br>333.W. Pershing Ave.<br>Kansas City, MO 64108 | $104,448<br>(Tax year 2022) |
| | $20,560.60<br>(Tax year 2023) |
| | $56,621<br>(Tax year 2024) |
| | $18,170<br>(Tax year 2025) |
| | **Total: $205,765.60** |

The defendant further understands that if the Court orders him to pay restitution to the IRS, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as a basis for a civil assessment. *See* 26 U.S.C. § 6201(a)(4). The defendant does not have the right to challenge the amount of this assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

**8. <u>Forfeiture Agreement</u>**

The defendant agrees to forfeit, pursuant to 18 U.S.C. § 982(a)(2), the property constituting or derived from proceeds traceable to the offense, including but not limited to:



Defendant's Initials

**FIREARMS AND AMMUNITION**

1. All firearms and ammunition purchased with proceeds traceable to the offense; and

**MONEY JUDGMENT**

2. A money judgment in an amount of at least $449,899.48, representing proceeds obtained by KEITH RYDELL MAYES SR. as a result of the offense.

Defendant agrees to take all steps as requested by the forfeiting authority to pass clear title to forfeitable assets, including, but not limited to, the execution of a consent decree of forfeiture and the completion of any other legal documents required for the transfer of title.

Defendant agrees that the forfeited property is subject to seizure and forfeiture by the United States, and that no defense exists to the seizure and forfeiture of this property by the United States. As such, defendant hereby relinquishes all claim, title, and interest in the above-referenced property to the United States and agrees not to oppose any civil, administrative, or judicial forfeiture of the property.

Defendant waives any and all interest in the above property and consents to their forfeiture by whatever process the government chooses. Defendant agrees that the government may use this waiver and consent in any administrative or judicial forfeiture proceeding, whether criminal or civil, state, local or federal. If defendant has filed a claim to the above-mentioned assets in any forfeiture process, defendant hereby agrees to withdraw it. Defendant further agrees not to file a claim to the above identified assets or properties in any future forfeiture proceeding of whatever



Defendant's Initials

type. In the event that the law enforcement agency having custody of the property decides not to pursue forfeiture of any of the seized property, defendant hereby abandons any interest in such property and consents to its destruction by, and/or abandonment to, the law enforcement agency.

The defendant understands that forfeiture is part of the sentence that will be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time defendant's guilty plea is accepted. The defendant further understands that, pursuant to Rule 32.2(b)(4)(A), the order of forfeiture will become final as to the defendant upon entry. The defendant waives notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant also waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

The defendant agrees to forfeit substitute property, up to the value of the property described above, if, by any act or omission of the defendant, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or



Defendant's Initials

has been commingled with other property which cannot be divided without difficulty.

The United States agrees that, upon the final forfeiture of any substitute assets to the government, the net proceeds realized by the government will be credited to the forfeiture money judgment imposed by the Court.

**9. Special Assessment**

a. The defendant hereby agrees to pay the total Special Monetary Assessment ($100 per felony count) to the United States District Court Clerk at or before sentencing or as otherwise directed by the District Court.

**10. Factual Basis and Elements**

To convict defendant under 18 U.S.C. § 1344(2), the government must prove the following elements beyond a reasonable doubt:

a. The defendant knowingly executed or attempted to execute a scheme or artifice to obtain money or property from American Heritage Bank;

b. The defendant did so by means of false or fraudulent pretenses, representations, or promises;

c. The false and fraudulent pretenses, representations, or promises that the defendant made were material, meaning they would naturally tend to influence, or were capable of influencing the decision of, American Heritage Bank; and

d. American Heritage Bank was a financial institution within the meaning of the law, meaning it was insured by the Federal Deposit Insurance Corporation.



Defendant's Initials

With regard to the factual basis required by Federal Rule of Criminal Procedure 11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea of guilty and relieves the United States of any further obligation to adduce such evidence.

To convict defendant under 26 U.S.C. § 7201, the government must prove the following elements beyond a reasonable doubt:

a. The defendant owed substantial income tax for 2022, that is, approximately $104,448;

b. The defendant intended to evade and defeat payment of that substantial income tax;

c. The defendant committed an affirmative act in furtherance of his intent; that is, he committed Bank Fraud as alleged in Count One of the Information, and did not report that extra, illegal income, along with other additional income, to the Internal Revenue Service for tax year 2022 and pay the resulting income tax due and owing by him to the United States of America; and

d. The defendant acted willfully, that is, with the voluntary intent to violate her known legal duty of paying taxes on his annual income.

With regard to the factual basis required by Federal Rule of Criminal Procedure 11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea of guilty and relieves the United States of any further obligation to adduce such evidence.

The defendant, KEITH RYDELL MAYES, SR., admits to knowingly, willfully, and intentionally committing or causing to be committed the acts constituting the



Defendant's Initials

crime alleged in Counts One and Two in the Information, and confesses to the Court that the defendant is, in fact, guilty of such crime.

I, Keith Rydell Mayes, Sr., admit that I am guilty of the crimes charged in Count One and Two of the Information in this case for the following reasons:

**As to Count One of the Information**: I was hired by Vernon AME Church (the "Church") located in Tulsa, Oklahoma, in or about October 2021 to serve as the senior pastor. In that capacity, I was responsible for various church functions, including overseeing church finances and the handling of church donations, collections, and disbursements. After accepting this new position, on or about March 14, 2022, I knowingly opened a new "administrative expenses" account at American Heritage Bank in the name of the Church, with myself as having sole signatory authority and addressed to my personal address in Tulsa, Oklahoma. Thereafter, I accepted, received, and personally deposited donations and contributions I knew were intended for the sole use and benefit of the Church into the administrative expenses account. Thereafter, I abused my position of trust by making unauthorized transfers and withdrawals from this account and wrongfully converted funds to my own personal benefit without disclosure or authorization from anyone at the Church or from any Church members or individuals or entities that donated these funds. I used these funds to pay for personal expenses as well as to fund my gambling habit. In total, I admit I caused a loss of at least $449,899.48.

I knew what I was doing was wrong at the time I was doing these acts. I admit that my actions were designed to and did influence the decisions of American Heritage Bank to both take custody of and subsequently release these funds and property of the Church's bank account to me. For these reasons, I acknowledge that my fraudulent acts described above were material. I also admit that American Heritage Bank is a financial institution within the meaning of the law and is federally insured.

I further admit that I embezzled other funds intended for the Church's benefit using CashApp accounts and other bank accounts I controlled and want to take total responsibility for all my actions. Therefore, I also admit to that I misappropriated and owe in restitution an additional $53,579.90 the Church as well as another $834.50 to High Hills AME



Defendant's Initials

Church. In total, I admit to stealing $504,313.88 and, in wishing to make amends for my actions, agree to repay this total amount as restitution as will be ordered by the Court.

**As to Count Two of the Information**: During the period that I was stealing funds from the Church as I admitted for Count One, I did not report that extra, illegal income to the Internal Revenue Service I was receiving because of my embezzlements. In particular, for tax year 2022, I did not report the embezzlement and other income I was required to report of $383,689. I admit for tax year 2022, I had substantial income tax of approximately $104,448. I intended to evade and did evade payment of this tax. At the time I owed these taxes, I knew that I had a legal duty to pay taxes on my annual income and chose not to report that income and took active steps to avoid paying the taxes that I owed to the IRS. For tax year 2022, I lived and worked in Tulsa County, which is in the Northern District of Oklahoma.

I wish to take full responsibility for my actions and therefore further admit that the additional taxes owed, and as agreed to in this Plea Agreement, represent additional taxes due and owing to the United States Treasury for tax years 2021 through 2025, and therefore agree to pay the IRS the restitution amounts as stated in this plea agreement totaling $205,765.60.

KEITH RYDELL MAYES, SR.
Defendant

9/2/26
Dated

**11. <u>Further Prosecution</u>**

The United States shall not initiate additional criminal charges against the defendant in the Northern District of Oklahoma that, as of the date of the defendant's acceptance of this agreement, arise from its investigation of the defendant's actions and conduct giving rise to the instant Information. The defendant understands, however, that this obligation is subject to all "Limitations" set forth



Defendant's Initials

below, and that the United States Attorney's Office for the Northern District of Oklahoma is free to prosecute the defendant for any illegal conduct (*i.e.*, violation of federal criminal laws) not discovered by or revealed to the government before the date of this agreement or occurring after the date of this agreement.

**12. Dismissal of Remaining Counts**

If the Court finds the defendant's plea of guilty to be freely and voluntarily made and accepts the plea, then the United States will move, at the appropriate time, to dismiss the remaining counts in the instant case, if any, as to this defendant.

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, any charges that have been dismissed may be reinstated or re-presented to a grand jury, and the government will be free to prosecute the defendant for all charges. Under these circumstances, the defendant waives any right to argue that the Double Jeopardy clause bars the defendant's federal prosecution, as well as any objections, motions, or defenses based upon the applicable statute of limitations, the Speedy Trial Act, or constitutional restrictions as to the timeliness of any renewed charges.

**13. Acceptance of Responsibility**

Provided the defendant clearly demonstrates acceptance of responsibility, the government agrees to recommend a two-level reduction in offense level pursuant to U.S.S.G. § 3E1.1. The government agrees to file a motion recommending that the Court grant an additional one-level reduction under U.S.S.G. § 3E1.1(b), if the



Defendant's Initials

defendant's Guidelines offense level qualifies him for such a reduction. The sentencing judge is in a unique position to evaluate the acceptance of responsibility, and the Court will ultimately decide whether to apply any § 3E1.1 reduction for timely acceptance of responsibility.

Any agreement to recommend an acceptance-of-responsibility reduction is contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the government. If the defendant (1) falsely denies, or makes conflicting statements as to, his involvement in the crime to which he is pleading, (2) falsely denies or frivolously contests conduct that the Court determines to be relevant conduct as defined in USSG § 1B1.3, (3) willfully obstructs or attempts to obstruct or impede the administration of justice as defined in USSG § 3C1.1, (4) perpetrates or attempts to perpetrate crimes while awaiting sentencing, or (5) advances false or frivolous issues in mitigation, the government expressly reserves the right to withdraw any recommendation regarding acceptance of responsibility without breaching the agreement.

**14. <u>Sentence</u>**

a. *Imprisonment*

The defendant acknowledges that under 18 U.S.C. § 1344(2) the maximum statutory sentence is 30 years of imprisonment and a fine of not more than $1,000,000 or twice the gross gain/loss caused by the defendant's acts.



Defendant's Initials

The defendant acknowledges that under 26 U.S.C. § 7201 the maximum statutory sentence is 5 years of imprisonment and a fine of not more than $250,000 or twice the gross gain/loss caused by the defendant's acts, with the costs of prosecution.

b. *Supervised Release*

Additionally, the defendant is aware, if imprisonment is imposed, that the Court may include as part of the sentence a requirement that after imprisonment the defendant be placed on a term of supervised release of no more than 5 years for Count One and no more than 3 years for Count Two. Violation of any condition of supervised release may result in revocation, or modification of the conditions, of supervised release, which may in turn result in additional incarceration consistent with 18 U.S.C. § 3583(e).

c. *Guidelines*

The defendant is aware that the Sentencing Guidelines are advisory. The Court, while not bound to apply the Sentencing Guidelines, must consult those Guidelines and take them into account when sentencing.

The defendant is further aware that the Court determines the sentence, that the Court has not yet done so, and that any estimate of the sentence – received from any source – is a prediction, not a promise. Regardless of any estimate the defendant has received, the Court has discretion to impose any sentence up to and including the statutory maximum.



Defendant's Initials

**15. Stipulations**

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the defendant and the United States agree and stipulate to the following facts:

a. For purposes of U.S.S.G. § 2B1.1(b)(1)(G), the loss was $504,313.88;

b. For purposes of U.S.S.G. § 3B1.3, the defendant abused a position of private trust in a manner that significantly facilitated the commission or concealment of the offense;

c. As to Count Two, pursuant to Fed. R. Crim. P. 11(c)(1)(B), for purposes of U.S.S.G. §§2T1.1(a)(1) and 2T4.1(F), the tax loss was **$205,765.60**;

d. As to Count Two, pursuant to Fed. R. Crim. P. 11(c)(1)(B), for purposes of U.S.S.G. §2T1.1(b)(1), the defendant failed to report or to correctly identify the source of income exceeding $10,000 in 2022 from criminal activity;

e. The defendant understands that neither the Court nor the United States Probation Office is bound by the foregoing stipulations, either as to questions of fact or as to determination of the correct advisory sentencing guideline calculation; and

f. Having been fully apprised by defense counsel of the right to seek compensation pursuant to Public Law 105-119, the defendant **WAIVES** any and all such right, and stipulates that defendant is not a "prevailing party" in connection with this case.



Defendant's Initials

**16. Limitations**

This plea agreement shall be binding and enforceable upon the Office of the United States Attorney for the Northern District of Oklahoma, but in no way limits, binds or otherwise affects the rights, powers, duties or obligations of any state or local law enforcement agency, administrative or regulatory authorities, civil or administrative enforcement, collection, bankruptcy, adversary proceedings or suits which have been or may be filed by any governmental entity, including without limitation, the Internal Revenue Service, the Tax Division of the Department of Justice and the trustee in bankruptcy.

**17. Breach of Agreement**

In the event either party believes the other has failed to fulfill any obligations under this agreement, then the complaining party shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations herein. The Court shall determine whether a party has completely fulfilled all its obligations under this agreement in an appropriate proceeding at which any disclosures and documents provided by either party shall be admissible and at which the complaining party shall be required to establish any breach by a preponderance of the evidence. If the Court determines that the defendant has breached the plea agreement, the government may declare this agreement null and void, and the defendant will be subject to prosecution for any criminal violation, including but not limited to any crimes or offenses contained in or relating to the charges in this case, as well as false statement,



Defendant's Initials

obstruction of justice, or any other crime committed by the defendant during this prosecution.

The defendant hereby **WAIVES** any right under Rule 11(d) and (e) of the Federal Rules of Criminal Procedure to withdraw from the guilty plea or this agreement, save and except if the Court determines that the government has breached the plea agreement as set forth above. If KEITH RYDELL MAYES SR., after entry of a plea of guilty, unsuccessfully attempts to withdraw that guilty plea, the government may continue to enforce the agreement but will no longer be bound by any particular provision in this agreement, unless the Court determines that the government acted in bad faith to bring about the attempted plea withdrawal.



Defendant's Initials

**18. Conclusion**

No agreements, representations or understandings have been made between the parties in this case, other than those which are explicitly set forth in this plea agreement and the Plea Agreement Supplement that the United States will file in this case (as it does in every case, even if there are no additional terms) and none will be entered into unless executed in writing and signed by all of the parties.

SO AGREED:

CHRISTOPHER J. NASSAR
UNITED STATES ATTORNEY

| | |
|---|---|
| DAVID D. WHIPPLE<br>Assistant United States Attorney | 9/14/26<br>Dated |
| TODD TUCKER<br>Attorney for Defendant | 9-3-26<br>Dated |
| KEITH RYDELL MAYES, SR.<br>Defendant | 9/2/26<br>Dated |



Defendant's Initials

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to sentencing which may apply to my case. No other promises or inducements have been made to me, other than those contained in this pleading. In addition, no one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

Keith R. Mayes Sr. — 9/2/26

KEITH RYDELL MAYES SR.
Defendant

Dated

I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Information. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

9-3-26

TODD TUCKER
Counsel for the Defendant

Dated



KRM

Defendant's Initials